IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KHANIS-ORION MORNINGSTAR/JERAMYE HOBBS                    PLAINTIFF
ADC #164590

v.                              4:22CV00339-BSM-JTK

DOC KING, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.      Introduction**

Khanis-Orion Morningstar ("Plaintiff") is incarcerated at the Maximum Security Unit of the Arkansas Division of Correction ("ADC"). Plaintiff sued Classification Officer Doc King, Captains William Freeman and Richard Clark, Lieutenants Lawrence Goodloe, Shalla McDowell, Shelby Houston, and Karim Broadway, Major of Security Antonio Johnson, Deputy Warden Maurice Culclager, Head Warden James Shippman, Deputy Director William Struaghn, Head Director Dexter Payne, ACA Supervisor Cantrell Bass, Warden Secretary Latrois Willis, and Grievance Officer Mary Mena alleging violations of his constitutional rights. (Doc. Nos. 2, 4). Pending is a Recommendation that Plaintiff's claims against Defendants Shippman and Mena be

dismissed without prejudice for failure to state a claim on which relief may be granted. (Doc. No. 9).

Defendants King, Freeman, Clark, Goodloe, McDowell, Houston, Johnson, Broadway, Culclager, Struaghn, Payne, Bass, and Willis (collectively, "Defendants") have filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts on the issue of exhaustion. (Doc. Nos. 30-32). Plaintiff has responded. (Doc. No. 34-1).

After careful consideration of the record before me, and for the reasons explained below, I recommend Defendants' Motion be granted.

## II. Plaintiff's Claims

Plaintiff's claims arise from Plaintiff being housed in a cell with a broken light for a period of approximately 21 days in 2022. (Doc. No. 4 ). Plaintiff claimed that being kept in a cell with no light inside violated his constitutional rights. (Id.).

## III. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.

Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.    Analysis

Defendants argue that Plaintiff failed to exhaust his claims against them. (Doc. No. 32).

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for

'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

At the time of the incidents giving rise to this lawsuit, the ADC had in place a grievance procedure, Administrative Directive 19-34 ("AD 19-34").  (Doc. No. 31 at ¶ 5; Doc. No. 30-1). Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance.  (Doc. No. 30-1 at 1-2.)  This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident.  (Id. at 6.)  The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."  (Id.)  Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form.  (Id. at 9.)  The warden or his designee must provide a written response within twenty working days of receipt.  (Id. at 11.)  If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director.  (Id. at 12.)  The Chief Deputy/Deputy/Assistant Director must provide a written response to the appeal within thirty working days.  (Doc. No. 30-1 at 13.)  "A [written] decision or rejection of an appeal

at this level is the end of the grievance process." (Id.) Administrative Directive 19-34 includes the following warning:

> A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed. An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance. All inmates are hereby advised that the Division reserves the right to raise any and all defenses, including the failure to exhaust the grievance procedure, as to any claim which may have been subject to the grievance procedure and as to any person or entity.
>
> An inmate who fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(Id. at 5.)

In support of their Motion, Defendants presented the Declaration of Terri Grigsby-Brown, the Inmate Grievance Supervisor for the Arkansas Division of Correction. (Doc. No. 30-2 at ¶ 1). According to Ms. Grigsby-Brown, she reviewed Plaintiff's grievance records. (Id. at ¶ 17). Ms. Grigsby-Brown declared under penalty of perjury that, pursuant to ADC policy, Plaintiff has not exhausted his administrative remedies against Defendants. (Id. at ¶ 18).

Plaintiff did file one grievance in connection with the claims he raised in this case—Grievance 164590. (Doc. No. 30-3). Defendants argue that Plaintiff did not sign this Grievance with his committed name and legally changed name, as required by AD 19-34. Arkansas state court documents reveal that Plaintiff's second name change was complete on July 15, 2021. (Doc. No. 30-5 at 1-2). Plaintiff's legal name as of that date appears to be Kanis-Primera Asiris Morningstar. (Id. at 1).

The relevant provision of AD 19-34 provides that "[i]f the inmate is legally using a name other than the name under which he or she was committed to the [ADC], both the legal and commitment names shall be used when completing the forms." (Doc. No. 30-1 at 6). Plaintiff

5

identified himself on the Grievance as "Khanis-Morningstar / Jeramye Hobbs" and signed Grievance 164590 simply "K. Morning★." (Doc. No. 30-3 at 1). The Grievance was returned to Plaintiff for that reason. (Doc. No. 30-3 at 3; Doc. No. 30-2 at ¶ 19). Plaintiff did not re-file the Grievance and he did not appeal the Grievance. (Doc. No. 30-2 at ¶ 20). Plaintiff does not contest this fact.

In his Response, Plaintiff explains that his name was changed to Khanis-Orion Morningstar on July 16, 2018. (Doc. No. 34-1 at ¶¶ 3-4). Plaintiff says he put in for another name change in 2021, but never received confirmation that the name change was complete. (Id. at ¶¶ 5-6). Plaintiff notes that his name in the ADC system is still Khanis-Orion Morningstar. (Id. at ¶ 8). Plaintiff asserts that he "was unable to fully exhaust grievance procedure because . . . Defendant Mary Mena denied the right to proceed to the 2nd step because she claims that [Plaintiff] did not put [his] full name on the grievance." (Id. at ¶ 2). Plaintiff also says that he "fully exhausted several grievances under the name Khanis-Orion Morningstar/Jeramye Hobbs #164590 since 2021." (Id. at ¶ 7).

Accepting Plaintiff's assertions as true, the Court nonetheless finds Plaintiff failed to exhaust his administrative remedies.

As noted above, Plaintiff did not resubmit his grievance in an effort to correct the issue with his name.

Further, Administrative Directive 19-34 contemplates situations when step one and step two of a grievance do not receive a response. (Doc. No. 30-1 at 8, 11). Pursuant to AD 19-34, the inmate may proceed to step two without a response by filing the step two within six working days of the original submission. (Id. at 8). And an inmate may appeal without a response at step two by filing the appeal within five working days after the date on which the step two response

6

was due. (Id. at 11). There is no evidence that Plaintiff communicated his understanding about the status of his name or that he otherwise attempted to proceed to the next level in the grievance procedure; Plaintiff does not claim that he did so.

The Court is troubled by the ADC's position regarding Plaintiff's legal name. An online inmate search[1] under Plaintiff's ADC number reveals that he appears as Morningstar/Hobbs, Khanis Orio A, at least in that search. It seems disingenuous for the ADC to require an inmate to use a name other than the name under which the inmate is identified in the ADC's system. Regardless, Plaintiff apparently made no effort to resolve the misunderstanding with his name or proceed further in the grievance process. Additionally, Plaintiff identified himself on the Grievance as "Khanis Morningstar / Jeramye Hobbs"– rather than "Khanis-Orion Morningstar" as Plaintiff says he believed his name to be. Plaintiff signed the grievance only with his first initial and his last name in a combination of letters and a symbol.

The Court also notes that Plaintiff submitted his grievance at the first step on March 29, 2022. (Doc. No. 30-3 at 1). According to Plaintiff's Complaint, he moved cells on March 30, 2022. (Doc. No. 4 at 5). Plaintiff could have submitted another grievance at step one within fifteen days of March 30, 2022, the last day on which Plaintiff was housed in a cell with a broken light. There is no evidence Plaintiff did so.

Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Accordingly, the Court

---

[1] https://apps.ark.org/inmate_info/search.php (last visited Aug. 11, 2022).

7

recommends Defendants' Motion (Doc. No. 30) be granted and Plaintiff's claims dismissed for failure to exhaust administrative remedies. The Court also recommends the pending Recommendation (Doc. No. 9) be denied as moot.

## V. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. No. 30) be GRANTED;

2. Plaintiff's claims be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Judgment be entered in favor of all named Defendants; and

2. The pending Recommendation (Doc. No. 9) be DENIED as moot.

Dated this 12th day of August, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE